IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JENNIFER L. GRANT                :
                                 :
                                 :
    v.                           :   Civil Action No. DKC 11-1724
                                 :
SHAPIRO & BURSON, LLP, et al.    :
                                 :

**MEMORANDUM OPINION AND ORDER**

On May 8, 2012, this court granted Defendants' motion to dismiss in part and provided Plaintiff fourteen days from the date of the order to amend her complaint to state a cognizable claim under 12 U.S.C. § 2605(b)(1). Plaintiff was also directed to show cause why the complaint should not be dismissed without prejudice as to Defendant Abba Title Company, LLC ("Abba Title"), for lack of service. The order further explained that Plaintiff's failure to respond within this time period would result in dismissal of the claim arising under § 2605(b)(1) and dismissal without prejudice of all claims against Abba Title. On May 25, 2012, when seventeen days had passed without Plaintiff filing an amended complaint or responding to the court's prior order, the court issued a second order dismissing without prejudice all claims against Abba Title, dismissing Plaintiff's claim under § 2605(b)(1), and declining to exercise supplemental jurisdiction over Plaintiff's state law claims.

Accordingly, all state law claims were dismissed without prejudice, and the case was closed. (ECF No. 14).

On May 29, 2012, twenty-one days after the court's initial order, Plaintiff's counsel filed a "motion to reinstate case and for reconsideration," as well as a "motion for leave to file Plaintiff's verified amended complaint out of time." (ECF Nos. 15-16). In these papers, counsel asserts that she could not file an amended complaint within the fourteen-day period set forth in the May 8, 2012, order because she "experienced computer failure during the preparation of Plaintiff's [amended] complaint" and because her paralegal was ill and could not assist her in this process. (ECF No. 16, at 3). She further "maintains that [Plaintiff] should not be prejudiced by her counsel's unfortunate circumstances." (*Id.*).

The amended complaint does not address the issues set forth by the court in its May 8, 2012 order; rather, it asserts entirely new factual averments and theories of liability.[1] That is, instead of alleging inadequate disclosure during the refinancing process or lack of notice regarding the foreclosure sale – the basis of the original complaint, the amended

---

[1] Although Abba Title is listed as a defendant in the amended complaint, there is no discussion in either the pending motions or amended complaint regarding whether service upon Abba Title has been effectuated.

2

complaint primarily alleges that Wells Fargo acted unlawfully in handling three loan modification agreements for Plaintiff beginning in February 2010.[2]

Although Plaintiff does not cite a legal basis for her "motion to reinstate case and for reconsideration," a motion to reconsider filed within twenty-eight days of the underlying order is evaluated pursuant to Rule 59(e).  Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127–

---

[2] The amended complaint contains the following counts:  (1) wrongful foreclosure; (2) breach of contract; (3) detrimental reliance; (4) fraudulent misrepresentation; (5) constructive fraud; and, (6) violations of the Maryland Consumer Protection Act.

3

28 (2$^d$ ed. 1995)).   To the contrary, it is "an extraordinary remedy which should be used sparingly." *Id.*

The motion for reconsideration at issue here wholly fails to address any of these three limited circumstances. The order issued on May 8, 2012, expressly advised Plaintiff of the consequences of failing to respond within fourteen days. Despite this warning, Plaintiff's counsel waited until one week after the conclusion of this fourteen-day period before seeking to file an amended complaint that alleges new theories of liability based on a new set of facts. The alleged computer problems and lack of paralegal support suffered by Plaintiff's counsel fail to excuse this untimely response. *Cf. Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 408 (4th Cir. 2010) (affirming denial of the plaintiff's motion for reconsideration where the plaintiff's counsel was aware of a deadline but missed it due to computer problems); *Shuey v. Schwab*, No. 3:08-cv-1190, 2008 WL 5111911, at *1 (M.D.Pa. Dec. 2, 2008) (finding no manifest injustice stemming from dismissal of a complaint where the unavailability of a senior paralegal and a "technology glitch" had caused the plaintiffs' counsel to miss a court-imposed deadline). Indeed, counsel made no effort to notify the court about these circumstances within the fourteen-day period and offers no explanation here regarding this additional failure. The contention that Plaintiff "should not be

prejudiced by her counsel's unfortunate circumstances" is equally unavailing. *Robinson*, 599 F.3d at 403; *see also In re Fisherman's Wharf Fillet, Inc.*, 83 F.Supp.2d 651, 656-67 (E.D.Va. 1999) (reasoning that "[o]ne cannot voluntarily choose an attorney and then avoid the consequences of the attorney's acts or omissions").

Accordingly, it is this 29th day of May, 2012, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's motion to reinstate case and for reconsideration (ECF No. 15) BE, and the same hereby IS, DENIED;

2. Plaintiff's motion for leave to file a verified amended complaint out of time (ECF No. 16) BE, and the same hereby IS, DENIED as moot; and,

3. The clerk will transmit a copy of this Memorandum Opinion and Order to counsel for the parties.

                                                       /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge